633 A.2d 521

IN THE MATTER OF LARRICK B. STAPLETON, AN ATTORNEY AT LAW.

December 2, 1993.

## ORDER

The Office of Attorney Ethics having filed a petition with the Supreme Court seeking the immediate temporary suspension from practice of LARRICK B. STAPLETON, of WYNNEWOOD, PENNSYLVANIA, who was admitted to the bar of this State in 1986, on the basis of respondent's disbarment in Pennsylvania, and good cause appearing;

It is ORDERED that LARRICK B. STAPLETON, of WYNNEWOOD, PENNSYLVANIA is hereby suspended from the practice of law, effective immediately and until the further order of this Court; and it is further

ORDERED that the Office of Attorney Ethics take such protective action, pursuant to *Rule* 1:20–11(c), as may be appropriate to gain possession and control of the legal files, records, practice and trust assets of LARRICK B. STAPLETON, wherever situate, pending further Order of this Court; and it is further

ORDERED that all funds, if any, currently existing in any New Jersey financial institution maintained by LARRICK B. STAPLE-TON, pursuant to *Rule* 1:21–6, shall be restrained from disburse-

ment except upon application to this Court, for good cause shown, pending the further Order of this Court; and it is further

ORDERED that LARRICK B. STAPLETON show cause before this Court on December 21, 1993, at 12:00 p.m., in the Supreme Court Courtroom, Hughes Justice Complex, Trenton, New Jersey, why his temporary suspension and the restraints herein should not continue pending final disposition of any ethics proceedings pending against him and further why the funds restrained from disbursement should not be transmitted by the financial institutions who are the present custodians to the Clerk of the Superior Court for deposit in the Superior Court Trust Fund, pending the further Order of this Court; and it is further

ORDERED that David E. Johnson, Jr., Esquire, or his designee, present this matter to the Court; and it is further

ORDERED that LARRICK B. STAPLETON be restrained and enjoined from practicing law during the period of his suspension and that he comply with Administrative Guideline No. 23 of the Office of Attorney Ethics dealing with suspended attorneys.